IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| ZUCKER FEATHER PRODUCTS, INC., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:14-cv-04298-NKL |
| HOLIDAY IMAGE, LLC, | ) |
| Defendant. | ) |

**ORDER**

From approximately 2011 to 2014, Defendant Holiday Image has had a contract with non-party Victoria's Secret to produce various holiday décor items for display in Victoria's Secret stores during the holiday season. As part of this agreement, Holiday Image agreed to produce decorative feather wings. This lawsuit arises out of a contract between Holiday Image and Plaintiff Zucker Feather Products whereby Zucker Feather agreed to manufacture and deliver those feather wings on behalf of Holiday Image for Victoria's Secret's 2014 seasonal displays.

After Zucker Feather produced the wings and delivered them to Victoria's Secret, Victoria's Secret refused to pay Holiday Image the full contract price for the wings. In turn, Holiday Image refused to pay Zucker Feather the full contract price for the wings under their separate agreement. As a result of Holiday Image's non-payment, Zucker Feather filed this lawsuit alleging breach of contract, suit on account, quantum meruit, and unjust enrichment.

Holiday Image filed a First Amended Counterclaim alleging Zucker Feather tortiously interfered with the contract between Holiday Image and Victoria's Secret and that Zucker Feather breached a confidentiality agreement it had with Holiday Image. Before the Court is Zucker Feather's Motion to Dismiss First Amended Counterclaim with Prejudice, [Doc. 27].

The Motion is granted in part and denied in part. The claims in the First Amended Counterclaim are dismissed, but without prejudice.

I.  Background

Plaintiff Zucker Feather manufactures and supplies wholesale feather products. Defendant and Counterclaimant Holiday Image provides custom holiday décor and seasonal visual displays to malls, stores, hotels, and office buildings. Since approximately 2011, Holiday Image had a contract with Victoria's Secret whereby Holiday Image agreed to produce various holiday décor items, including feather wings, for use in Victoria's Secret's seasonal displays. Zucker Feather manufactured the feather wings for Holiday Image, who in turn sold the wings to Victoria's Secret.

On July 23, 2013, Zucker Feather, its Chinese factory, and Holiday Image entered into a Confidential Disclosure Agreement. The Agreement prohibits the use of specific "Information" described therein for any purpose other than selling to Holiday Image. [Doc. 20-1]. The "Information" could not be used "to deal directly with any of the customers or persons listed in Paragraph 21" of the Agreement. *Id.* at p. 1, ¶ 5.

In mid-2014, Holiday Image submitted multiple purchase orders to Zucker Feather for the manufacture of feather wings. The 2014 wing orders were manufactured in China at Zucker Feather's factory, and Zucker Feather delivered them directly to Victoria's Secret on behalf of Holiday Image. [Doc. 20, p. 1, ¶ 1]. Victoria's Secret paid Holiday Image thirty percent of the amount it had agreed to pay Holiday Image for the wings, but withheld the remaining balance and reserved the right to claim the wings were non-conforming. *Id.* Although Victoria's Secret accepted the wing shipment and did not return any of the wings, Victoria's Secret did not pay the remaining balance on the contract between it and Holiday Image. *Id.* In turn, Holiday Image did

not pay Zucker Feather the full balance due under the purchase orders for the wings.

Holiday Image alleges "upon information and belief" that prior to the filing of this lawsuit, Zucker Feather contacted Victoria's Secret and offered to produce the 2014 holiday wings "for [Victoria's Secret] at less than the price agreed upon between" Holiday Image and Victoria's Secret. *Id.* at p. 19, ¶ 3. Holiday Image offered to dismiss its counterclaims against Zucker Feather if Zucker Feather "would execute a declaration of compliance with the Confidential Disclosure Agreement," but Zucker Feather refused to do so. *Id.* at p. 20, ¶¶ 11-12.

## II. Discussion

Zucker Feather argues both counts of the Counterclaim should be dismissed because they are based solely on "information and belief" and because they fail to state claims upon which relief may be granted. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "While plaintiffs may at times plead upon information and belief" – for instance, when facts are peculiarly within the opposing party's knowledge – the Eighth Circuit "emphasize[s] that information and belief does not mean pure speculation." *Pope v. Fed. Home Loan Mortg. Corp.*, 561 Fed. Appx. 569, 573 (8th Cir. 2014).

### A. Count I: Tortious Interference with Contract

In Count I of its Counterclaim, Holiday Image alleges "upon information and belief" that Zucker Feather contacted Victoria's Secret and offered to sell the 2014 wings for less than the price agreed upon between Holiday Image and Victoria's Secret, and that this offer caused

Victoria's Secret to "not to comply with terms and conditions of its contract with" Holiday Image. [Doc. 20, p. 19, ¶ 4].

Under applicable law,[1] to sufficiently plead its tortious interference with contract claim, Holiday Image must plead the existence of a valid contract with Victoria's Secret, Zucker Feather's knowledge of that contract, Zucker Feather's intentional and improper procuring of a breach, and damages. *See White Plains Coat & Apron Co., Inc. v. Cintas Corp.*, 867 N.E.2d 381, 383 (N.Y. 2007); *Oddo Asset Mgmt. v. Barclays Bank PLC*, 973 N.E.2d 735, 742 (N.Y. 2012). Holiday Image's tortious interference with contract claim against Zucker Feather states:

> 1. Repeats and re-alleges each and every allegation, including admissions, denials and factual statements, contained in paragraphs 1 through 76 of this answer as if restated herein at length.
>
> 2. In or about 2013, Plaintiff, Defendant, and the Chinese company owned by the Plaintiff entered into a Confidential Disclosure Agreement (the "Agreement"). *A true and accurate copy of this Agreement is attached hereto as Exhibit A.*
>
> 3. Based upon information and belief, Plaintiff, prior to the institution of this lawsuit, contacted VSS, and offered to produce the products that form the subject matter of this lawsuit directly for VSS at less than the price agreed upon between Defendant and that company.
>
> 4. Based upon information and belief, by interfering with the contractual relationship between Defendant and its customer, Plaintiff caused VSS not to comply with the terms and conditions of its contract with Defendant.

---

[1] Regardless of whether New York, Missouri, or even Ohio law governs this tortious interference with contract claim, the elements Holiday Image must plead and ultimately prove are the same. *Compare White Plains Coat & Apron Co. v. Cintas Corp.*, 867 N.E.2d 381, 383 (N.Y. 2007) ("In a contract interference case – as here – the plaintiff must show the existence of its valid contract with a third party, defendant's knowledge of that contract, defendant's intentional and improper procuring of a breach, and damages."), *with Birdsong v. Bydalek*, 953 S.W.2d 103, 111 (Mo. Ct. App. 1997) ("Tortious interference with a contract or business expectancy requires proof of five elements: (1) a contract or valid business expectancy; (2) defendant's knowledge of the contract or relationship; (3) an intentional interference by the defendant inducing or causing a breach of the contract or relationship; (4) absence of justification; and (5) damages.") *and Fred Siegel Co., L.P.A. v. Arter & Hadden*, 707 N.E.2d 853, 858 (Ohio 1999) ("We reaffirm the elements of the tort of tortious interference with contract . . . . They are (1) the existence of a contract, (2) the wrongdoer's knowledge of the contract, (3) the wrongdoer's intentional procurement of the contract's breach, (4) the lack of justification, and (5) resulting damages.").

> 5. By so interfering with Defendant's contract with VSS, Plaintiff directly caused damages in an amount yet to be determined, but in excess of the amounts claimed by Plaintiff against Defendant in this action.

[Doc. 20, pp. 18-20].

Initially, it is unclear what "terms and conditions" in the Holiday Image-Victoria's Secret contract were breached by Victoria's Secret. The Holiday Image-Victoria's Secret contract is not described in the First Amended Counterclaim in even basic detail. However, broadly construing the First Amended Answer and Counterclaim, the Court will assume that the breach alleged is Victoria Secret's payment to Holiday Image of only thirty percent of the agreed upon price for the wings. Assuming that Victoria's Secret did not "comply" with the "terms and conditions" of the Holiday Image-Victoria's Secret contract by failing to pay Holiday Image the full amount agreed upon in their contract, then Count I alleges that "upon information and belief" Victoria's Secret's non-payment was caused by Zucker Feather's "[offer] to produce the [2014 holiday wings] directly for [Victoria's Secret] at less than the price agreed upon between [Holiday Image] and [Victoria's Secret]," [Doc. 20, p. 19, ¶¶ 3-4]. However, there are no factual allegations in the First Amended Counterclaim to support how Holiday Image came to the "belief" that Victoria's Secret's breach was caused by Zucker Feather's interference. There are no facts supporting how Holiday Image came to believe that Zucker Feather contacted Victoria's Secret or how it came to believe that Zucker Feather attempted to outbid the existing contract. Holiday Image does not allege, for example, that Victoria's Secret or anyone else informed Holiday Image that Zucker Feather directly contacted Victoria's Secret or offered to sell the wings for less. Nor is there an explanation of why Victoria's Secret would logically enter into a second contract with Zucker Feather for the same product for which it was already contractually

obligated to pay Holiday Image, thereby subjecting itself to double payment for the same product; or how it could avoid full payment under contract law simply because someone else said they would have sold it for a lower price. Given the many reasons why payments are not made on a contract, it is speculation that Zucker Feather is who created the problem. Without factual support, Holiday Image's "belief" that Zucker Feather caused Victoria's Secret to breach the Holiday Image-Victoria's Secret contract is only speculative.

Holiday Image argues that it should be permitted to plead solely on information and belief because the facts related to how Zucker Feather interfered with the Holiday Image-Victoria's Secret contract are peculiarly within the possession and control of Zucker Feather and Victoria's Secret. However, pleading upon information and belief does not exempt a claimant from the fact-pleading requirements of Federal Rule of Civil Procedure 8. Holiday Image must allege enough facts to support an inference of culpability, and the allegations in Count I do not raise Holiday Image's right to relief above the speculative level. *Pope v. Fed. Home Loan Mortg. Corp.*, 561 Fed. Appx. 569, 573 (8th Cir. 2014). There are no factual allegations in the First Amended Counterclaim to support a logical connection between Victoria's Secret's breach of the Holiday Image-Victoria's Secret contract and Holiday Image's "belief" that the breach was caused by a tortious interference by Zucker Feather. Therefore, Count I of the First Amended Counterclaim must be dismissed.

### B. Count II: Breach of Contract

For the same reasons as Count I, Count II must be dismissed. Count II of Holiday Image's First Amended Counterclaim states:

> 6. Repeats and re-alleges each and every allegation, including admissions, denials and factual statements, contained in paragraphs 1 through 76 of this answer, and 1-5 of this Counterclaim as if restated herein at length.

> 7. Pursuant to the terms of the [Confidential Disclosure] Agreement Plaintiff agreed to, *inter alia*, not use the parties' confidential information to circumvent Holiday Image and deal directly with Holiday Image's customer.
>
> 8. Based upon information [and belief], [Zucker Feather], prior to the institution of this lawsuit, contacted [Victoria's Secret], and offered to produce the products that form the subject matter of this lawsuit directly for [Victoria's Secret] at less than the price agreed upon between Defendant and that company.
>
> 9. Plaintiff's attempt to circumvent Holiday Image and deal directly with [Victoria's Secret] constitutes a breach of the Agreement.
>
> 10. As a result of Plaintiff's breach, Holiday Image has been damaged in an amount yet to be determined, but in excess of the amounts claimed by Plaintiff against Defendant in this action.
>
> 11. In attempt to confirm Plaintiff's claim that it has never attempted to circumvent Holiday Image to deal directly with [Victoria's Secret], Holiday Image offered to dismiss its counterclaims if Plaintiff would execute a declaration of compliance with the Agreement.
>
> 12. As of the date of the instant filing, Plaintiff has refused to so confirm.

[Doc. 20, pp. 19-20]. The basis for Holiday Image's breach of contract claim, like its tortious interference with contract claim, is Holiday Image's "belief" that Zucker Feather contacted Victoria's Secret and offered to produce the holiday wings directly for Victoria's Secret for a lower price than agreed upon in the Holiday Image-Victoria's Secret contract. Holiday Image alleges this conduct is a breach of the Confidential Disclosure Agreement between Holiday Image, Zucker Feather, and Zucker Feather's Chinese factory. However, as discussed above, Holiday Image has not pleaded factual information to support its "belief" that Zucker Feather contacted Victoria's Secret and attempted to outbid Holiday Image on the existing contract.

Holiday Image argues that Zucker Feather's refusal to execute a sworn statement stating

that it was in compliance with the Agreement "render[s] Holiday Image's Counterclaim eminently plausible and consistent with the pleading requirements of *Twombly* and the Federal Rules." [Doc. 35, p. 9]. Holiday Image argues Zucker Feather refused to execute a sworn statement because it "has something to hide" and "could not truthfully do so." *Id.* at p. 5. But Zucker Feather's refusal to sign a document authored by Holiday Image, which, according to Zucker Feather, placed additional conditions on the execution of the document and expanded the applicability of the Agreement beyond its terms, does not excuse the pleading deficiencies in the First Amended Counterclaim. Therefore, Count II must also be dismissed.

### C. Dismissal with Prejudice

Zucker Feather argues Holiday Image's First Amended Counterclaim should be dismissed with prejudice because the Amended Counterclaim does not attempt to correct the pleading deficiencies pointed out by Zucker Feather in its Motion to Dismiss Holiday Image's original Counterclaim. Zucker Feather contends that this failure demonstrates Holiday Image's inability to cure the deficiencies with another amendment to its Counterclaim. Holiday Image did not respond to this argument, but rather, argued that its claims were sufficiently pleaded.

Out of an abundance of caution, the Court will dismiss without prejudice. While it suspects that the Holiday Image does not have a viable claim, the Court cannot say for sure that another amendment – should Holiday Image seek one – would be futile or based on bad faith. Nor can it say that Holiday Image has repeatedly failed to cure deficiencies or that an amendment would unduly prejudice Zucker Feather. *See Doe v. Cassel*, 403 F.3d 986, 990-91 (8th Cir. 2005) ("Rule 15(a) provides that leave to amend a pleading shall be freely given when justice so requires. However, there is no absolute right to amend and a finding of undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously

allowed, undue prejudice to the non-moving party, or futility of the amendment may be grounds to deny a motion to amend.") (internal quotations omitted).  Further, Holiday Image is subject to Rule 11 sanctions if its pleadings violate the rule. Therefore, the claims in Holiday Image's Amended Counterclaim are dismissed, but without prejudice.

## III. Conclusion

For the reasons set forth above, Zucker Feather's Motion to Dismiss Holiday Image's Amended Counterclaim with prejudice, [Doc. 27], is granted in part and denied in part.  The claims in the Amended Counterclaim are dismissed, but without prejudice.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated:  April 21, 2015  
Jefferson City, Missouri